953 F.2d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard A. LUNSFORD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3672.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1992.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard A. Lunsford, a pro se federal prisoner, appeals from the order of the district court denying his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lunsford pleaded guilty to conspiracy with intent to distribute cocaine, and was sentenced to 51 months imprisonment. In his motion, he alleged that his guilty plea was unlawfully induced by his attorney; that he received ineffective assistance of counsel; that he was convicted in violation of his right to a speedy trial; that the government obtained the conviction through entrapment; that his conviction was obtained by means of a coerced confession, and other affirmative defenses. The district court denied the motion on the grounds that the totality of the circumstances belied Lunsford's contentions and held that an evidentiary hearing was not necessary.
 
 
 3
 Upon review, we find no error.
 
 
 4
 Lunsford's motion is entirely based upon his expectation that he would receive a shorter sentence than the one he received. He claimed that his attorney told him that he would receive an offense level of 18 for one count of conspiracy to distribute 147 grams of cocaine and that his attorney's promise unlawfully induced him to plead guilty. "[C]ourts naturally look with a jaundiced eye upon any defendant who seeks to withdraw a guilty plea after sentencing on the ground that he expected a lighter sentence." Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986), quoting United States v. Crusco, 536 F.2d 21, 24 (3d Cir.1976). The transcript of Lunsford's plea colloquy flatly contradicts his allegations that the plea agreement was breached or that his attorney induced him to plead guilty with the promise of a shorter sentence.
 
 
 5
 Lunsford was not denied effective assistance of counsel. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). In a guilty plea context, the performance prong of the Strickland test remains the same. To establish prejudice, however, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Lunsford has failed to establish either prong of the Strickland test. He was not denied effective assistance of counsel.
 
 
 6
 Lunsford's remaining claims are affirmative defenses which were never raised in the trial court. A prisoner seeking vacation or correction of his sentence under 28 U.S.C. § 2255 on a ground not raised in the district court must show reasonable cause for failure to raise the issue initially and must show that prejudice will result if the issue is not considered. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Callanan v. United States, 881 F.2d 229, 231 (6th Cir.1989), cert. denied, 110 S.Ct. 1816 (1990). Lunsford established no "cause" and was not "prejudiced" because the record clearly reflects that he received the benefit of his plea agreement.
 
 
 7
 Accordingly, the order of the district court is hereby affirmed for the reasons set forth in the court's memorandum and order dated July 15, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.